IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY BASS, #122 504, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-362-MEF |
| | ) | [WO] |
| (RN) NURSE PULPWOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, files this 42 U.S.C. § 1983 action against Nurse Pulpwood and Correctional Officers Coleman and Lee. He complains Defendants subjected him to racial discrimination and verbal abuse and harassment. Plaintiff requests Nurse Pulpwood's license be suspended for one year, Defendants Coleman and Lee be transferred from the Easterling Correctional Facility, and he be awarded $250,000.00 from each defendant. Upon review of the complaint, as amended, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The Equal Protection Claim*

Plaintiff asserts a claim of racial discrimination against Defendants because they "treated [him] differently than other white inmates and being singled out as a target of injustice." *Doc. No. 1* at 3; *Doc. No. 4* at 3. The Equal Protection Clause guarantees that "all persons similarly situated should be treated alike." *City of Cleburne, v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To establish a claim under the Equal Protection Clause, a prisoner must show that (1) "he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race" or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (quotation omitted). Additionally, in order to establish a viable equal protection claim, a litigant must show an intentional or purposeful discrimination. *Snowden v. Hughes*, 321 U.S. 1, 8 (1944); *E & T Realty v. Strickland*, 830 F.2d 1107, 1113-14 (11th Cir. 1987).

Here, Plaintiff has generally alleged discrimination but has identified no specific facts that allow the court to make any plausible inference that any treatment he allegedly received from Defendants was based on invidious racial discrimination. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.");

*see also Marsh v. Butler Cnty.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").

As explained, to establish a claim for an equal protection violation, Plaintiff must allege that Defendants gave differential treatment to prisoners similarly situated to him, and that the reason for the adverse treatment was based on a constitutionally impermissible reason. *Jones*, 279 F.3d at 946-47; *Damiano v. Fla. Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). Other than his self-serving and conclusory assertion that Defendants have treated him, presumably a non-white inmate, differently from white inmates, Plaintiff has identified no similarly situated prisoners who received more favorable treatment from the named defendants and, thus, his "equal protection claim necessarily fails first because he has not alleged that he was treated differently from other, similarly situated inmates." *Id*. at 1319. Further, Plaintiff has generally alleged discrimination but has identified no specific facts tending to suggest that any treatment he allegedly received from Defendants was based on invidious racial discrimination. Because Plaintiff's claim of disparate treatment is purely conclusory in nature and unsupported by specific factual allegations, it is insufficient to state a claim for a violation of the Equal Protection Clause. *See Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 12-13 (11th Cir. 2010); *Iqbal*, 556 U.S. at 678. Plaintiff's equal protection claim is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

*B. Verbal Abuse and Harassment*

Plaintiff claims that several times before May 7-11, 2014, Defendants subjected him to verbal abuse through use of racial slurs. He further contends Defendant Coleman threatened to "get him" after observing him prepare the instant complaint and Defendant Lee singles him out to harass him during pill call and threatens to lock him up. *Doc. No. 1* at 3; *Doc. No. 4* at 3.

To state a viable claim for relief in a 42 U.S.C. § 1983 action the conduct complained of must have deprived Plaintiff of rights, privileges or immunities secured by the Constitution, and the deprivation must have occurred under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Parratt v. Taylor*, 451 U.S. 527,535 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (table) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation);

4

*Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse does not establish a cause of action under § 1983); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong and threatening to commit an act prohibited by the Constitution is not equivalent to doing the act itself); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (mere name-calling did not violate inmate's constitutional rights).

Plaintiff fails to state a cognizable claim regarding his assertions of harassment and the use of profane and/or threatening language by correctional officers. This claim is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint, as amended, be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 30, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE